UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OPENMIND SOLUTIONS, INC.,<br>23072 Lake Center Drive, Suite 100,<br>Lake Forest, CA 02630<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 – 565,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:11-CV-01883-JMF |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF THE
COURT'S NOVEMBER 22, 2011 ORDER**

Plaintiff, pursuant to Local Rule 5.1 and other governing law, as and for its Motion For Clarification Of The Court's November 22, 2011 Order, states as follows:

1. Plaintiff on November 1, 2011 filed a Motion Take Discovery Prior To Rule 26(f) Conference ("Motion To Take Discovery"). Plaintiff requested, among other things, that the Court enter an order allowing it to serve limited discovery before a Rule 26(f) conference on several non-party Internet Service Providers ("ISPs"), solely to determine the true identities of the Doe Defendants in this case, as well as any other infringers that Plaintiff identifies during the course of this litigation.

2. Judge Emmet G. Sullivan issued a Memorandum Opinion And Order (the "November 22 Order") on November 22, 2011 granting Plaintiff's Motion To Take Discovery. Docket ("Dkt.") #4. The November 22 Order provided, among other things, "that Plaintiff may serve Rule 45 subpoenas on the ISPs identified in Exhibit A to the Complaint in order to obtain

the true identity of each Doe Defendant who has allegedly infringed Plaintiff's work." *Id.* The November 22 Order also provided that "If an when an ISP provider is served with a Rule 45 subpoena in this case, the ISP shall provide written notice, which may include email notice, to the subscribers in question within five (5) business days ..." *Id.*

3. This case was subsequently reassigned to Magistrate Judge John M. Facciola pursuant to the order entered December 8, 2011 (Dkt. #5), which also provided that Judge. Sullivan is no longer assigned to this case.

4. In accordance with the November 22 Order, Plaintiff served Rule 45 subpoenas on ISPs, including Cablevision Systems Corporation ("Cablevision").

5. Cablevision objected to Plaintiff's Rule 45 subpoena in a November 30, 2011 letter to counsel for Plaintiffs (attached as <u>Exhibit A</u> hereto) on the ground that "Cablevision's compliance" with the subpoena "is bared by the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c) (2)(B) ('The Cable Act'). *Id.*

6. Cablevision's specific objection is that Section 551(c)(2)(B) of The Cable Act "prohibits the disclosure of a subscriber's personally identifiable information by a cable operator ... absent a court order authorizing disclosure." *See* Exhibit A. Cablevision asserts that the November 22 Order "does not direct Cablevision to disclose the information pursuant to 47 U.S.C. § 551(c)." *Id.* Cablevision concludes that "until [it] is served with an order that clearly mandates such disclosure, it appears that [Cablevision is] prohibited by law from providing" the subpoenaed information. Exhibit A.

7. Section 551(c)(2)(B) of The Cable Act provides that a cable operator may disclose "personally identifiable information" "if the disclosure is (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is

notified of such order by the person to whom the order is directed." Subsection (h) pertains to disclosure of information to governmental entities and is inapplicable here.

8. Plaintiff believes that the only reasonable interpretation of the November 22 Order is that it directs Cablevision, and any other ISP served with a subpoena, to disclose such personally identifiable information to Plaintiff pursuant to Section 551(c)(2)(B) of The Cable Act.

9. Nevertheless, in order to resolve the objections that Cablevision has raised in an expedient and judicially economical fashion, Plaintiff respectfully requests that the Magistrate Judge enter an order clarifying the November 22, 2011 Order requires Cablevision, and any other ISP that Plaintiff has served, or serves, with a subpoena pursuant to the November 22 Order, to timely produce to Plaintiff a complete detailed description of the subscriber information for each IP address attached at Exhibit A to the Complaint, including each such subscriber's personally identifiable information, pursuant to 47 U.S.C. § 551(c) (2)(B).

**WHEREFORE,** Plaintiff respectfully requests that the Magistrate Judge enter an order clarifying the November 22, 2011 Order requires Cablevision, and any other ISP that Plaintiff has served, or serves, with a subpoena pursuant to the November 22 Order, to timely produce to Plaintiff a complete detailed description of the subscriber information for each IP address attached at Exhibit A to the Complaint, including each such subscriber's personally identifiable

information, pursuant to 47 U.S.C. § 551(c) (2)(B); and that he grant any and all further relief that he deems to be reasonable and appropriate.

                            Respectfully submitted,

                            OpenMind Solutions, Inc.

**DATED**: December 8, 2011

                            By: /s/ Paul A. Duffy
                            Paul A. Duffy, Esq.
                            D.C. Bar Number: IL0014
                            Prenda Law Inc.
                            161 N. Clark St., Suite 3200
                            Chicago, IL 60601
                            Telephone: (312) 880-9160
                            Facsimile:   (312) 893-5677
                            E-mail: paduffy@wefightpiracy.com
                            *Counsel for the Plaintiff*

## **LOCAL CIV.R.7(m) CERTIFICATION.**

Because Plaintiff does not currently know the identity of any of the Defendants, Plaintiff cannot ascertain the position of any of the Defendants on this Motion.

**DATED**: December 8, 2011

                                                   By: /s/ Paul A. Duffy



November 30, 2011

*Via First Class Mail*

Paul Duffy, Esq.
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601

    Re:    Openmind Solutions, Inc. v. Does 1-565
             Civil Action No.: 1:11-CV-01883-EGS

Dear Mr. Duffy:

    This letter responds to the enclosed subpoena ("Subpoena") requesting subscriber records from Optimum OnLine, a cable modem service provided by CSC Holdings, LLC ("Cablevision") via a cable television system. You have requested subscriber and account information concerning the above-referenced Subpoena. Unfortunately, after reviewing this subpoena and the accompanying order, it appears that Cablevision's compliance is barred by the Cable Communications Policy Act of 1984, 47 U.S.C. § 551(c)(2)(B) ("The Cable Act").

    In the Subpoena, you seek subscriber information for those individuals associated with certain Optimum Online IP addresses. However, the Cable Act prohibits the disclosure of a subscriber's personally identifiable information by a cable operator such as Cablevision, absent a court order authorizing such disclosure. While you have provided a court order with your subpoena, nowhere in the order does it direct Cablevision to disclose the information pursuant to 47 U.S.C. § 551(c)(2)(B). Accordingly, until Cablevision is served with an order that clearly mandates such disclosure, it appears that we are prohibited by law from providing you with the requested information.

    Should you decide to further pursue disclosure of records in this matter, please serve Cablevision with a court order that:

- Contains a detailed description of the subscriber information sought, including the **IP address 123.123.123.123**, *date, time and time zone*); and
- Directs Cablevision to disclose the subscriber's personally identifiable information pursuant to 47 U.S.C. § 551(c)(2)(B).

EXHIBIT A

Paul Duffy, Esq.
Prenda Law Inc.
Page 2 of 2
November 30, 2011

Additionally, please note that the Cable Act requires Cablevision to provide advance notice of a court order to its subscribers. Accordingly, should you decide to seek a court order, the return date for compliance under the order should allow Cablevision at least fifteen (15) additional business days to serve notice upon the subscriber and to comply with the order.

Please be advised that Cablevision reserves the right to obtain reimbursement of our reasonable costs ($70.00 per IP, fees subject to change) associated with the production of such records. Further, receipt of your court order does not guarantee the availability of the information you have requested.

Please contact me at 516-803-3917 if you have any questions regarding this matter.

Sincerely,



John
Paralegal

Enclosure

117899