UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPENMINDED SOLUTIONS, INC.,

    Plaintiff,

        v.                    Civil Action No. 11-1883 (JMF)

DOES 1-565,

    Defendants.

## SHOW CAUSE ORDER

This case was referred to me for all purposes. Currently pending and ready for resolution is Plaintiff's Motion for Clarification of the Court's November 22, 2011 Order [#6].

Plaintiff, Openminded Solutions, Inc., is the owner of the copyright for the motion picture "Throated - Katie Jordin". Complaint for Copyright Infringement [#1] ¶3. According to plaintiff, numerous individuals illegally downloaded and distributed its film over the Internet, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (2010).[1] Id. ¶¶1, 3. At the time the law suit was filed, plaintiff did not know the identities of these individuals. Id. ¶8. Plaintiff did, however, know the Internet Protocol ("IP") address of the computers associated with the alleged infringers. Id.

On November 22, 2011, Judge Sullivan granted plaintiff's motion to conduct discovery prior to the Rule 26(f)[2] conference so that it could learn the identity of these individuals and thereafter amend its complaint to reflect the same. See Memorandum Opinion and Order [#4]. Specifically, plaintiff sought leave to serve Rule 45 subpoenas on the various Internet Service

---

[1] All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

[2] Fed. R. Civ. P. 26(f).

Providers ("ISP") associated with the previously identified IP addresses, in order to "identify each Defendant's true name, current and permanent address, telephone number, email address, and Media Access Control ("MAC") address." Id. at 2.  In addition, if the ISP identifies an intermediary ISP as the entity providing online services, plaintiff sought leave to serve the subpoena on that ISP. Id.  In its current motion, plaintiff states that Cablevision, one of the ISPs served with a Rule 45 subpoena pursuant to Judge Sullivan's order, claims that compliance with the subpoena is barred by the Cable Act absent a court order. [#6] at 2.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a party seeking to quash a subpoena must do so by timely motion to the issuing court. Fed. R. Civ. P. 45(c)(3). Furthermore, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).  Without addressing the merits of Cablevision's argument, it is, therefore, hereby,

**ORDERED** that Cablevision show cause in writing by January 13, 2012, why it should not be held in contempt for failing to comply with plaintiff's Rule 45 subpoena.  Plaintiff may respond thereto by January 27, 2012.  It is further, hereby,

**ORDERED** that the Clerk mail a copy of this Show Cause Order to:

    Cablevision Systems Corporation
    1111 Stewart Avenue
    Bethpage, NY 11714-3581

**SO ORDERED.**

                                                              JOHN M. FACCIOLA
                                                              UNITED STATES MAGISTRATE JUDGE