## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OPENMIND SOLUTIONS INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 11-CV-01883 (JMF) |
| | ) | |
| DOES 1 – 565 | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| CSC Holdings LLC | ) | |
| 1111 Stewart Avenue | ) | |
| Bethpage, NY 11714-3533 | ) | |
| | ) | |
| *Third-Party Respondent* | ) | |
| | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

CSC Holdings LLC ("Cablevision") hereby submits this response to the Court's Order to Show Cause, dated December 23, 2011 ("Order"). While Federal Rule of Civil Procedure 45(e) provides that "[t]he issuing court may hold in a contempt a person who, having been served, fails without adequate excuse to obey the subpoena," Cablevision should not be held in contempt, as it has in fact complied with Federal Rule of Civil Procedure 45 and further has a valid excuse for its failure to obey the requirements of the subpoena.

## BACKGROUND

This case is one of a series of nearly identical copyright litigations that plaintiff's counsel, Prenda Law Inc., has filed around the country. *See* Prenda Law, Inc., Sampling of Cases Filed, available at http://www.wefightpiracy.com/litigation.php (last visited January 8, 2012). In this specific matter, plaintiff alleges that each of 565 anonymous defendants infringed plaintiff's copyright in the motion picture, "Throated – Katie Jordin," by distributing or

**RECE**

**JAN 13**

Clerk, U.S. District
Courts for the

downloading the motion picture from the internet.  *See* Order at 1.  Cablevision is not a defendant in this case, nor has plaintiff alleged that Cablevision played any role in the alleged infringement of its copyrights; rather Cablevision is involved in this matter only because plaintiff does not know the identity of the defendants whom it sued.  Cablevision is a third-party internet service provider that provides the Optimum Online service in New York, New Jersey, and Connecticut.[1]

In many of the series of copyright cases brought by plaintiff, counsel has sought and obtained orders permitting it to issue third-party subpoenas to obtain identifying information from Cablevision, and Cablevision has worked in good faith to comply with all prior subpoenas, even though compliance in each instance has required Cablevision to put aside resources that would otherwise be dedicated to law enforcement efforts.  However, because it is a cable provider and must comply with the additional privacy protections afforded by the Cable Communications Privacy Act, 47 U.S.C. § 551 ("Cable Act"), Cablevision had a responsibility to ensure that it received a court order before producing the information requested in this case.  *See* 47 U.S.C. § 551(c)(2)(B).

In this case, as in the ones preceding, plaintiff moved for leave to conduct limited discovery, and its motion was granted on November 22, 2011.  *See* Mem. Op. and Order, Dkt. No. 4 at 4.  The following day, plaintiff served a Rule 45 subpoena, from the Northern District of Illinois, on Cablevision's New York office, seeking the subscriber information for 27 individuals who, it alleges, are Optimum Online subscribers.  Only seven days later, well within the fourteen day objection period, Cablevision sent plaintiff its written objection to the subpoena in accordance with Rule 45(c)(2)(B), stating that absent a court order directing its compliance, it

---

[1] Cablevision does not have offices or subscribers in Washington, DC or Illinois.

DC\1296556 3

was unable to produce the requested documents. *See* Pl. Mot. for Clarification of the Nov. 22, 2011 Order, Dkt. No. 6 at Ex. A. After sending the letter, during subsequent conversations with plaintiff's counsel, Cablevision explained that while it was willing to provide the requested information in response to a court order (despite the jurisdictional and service issues), the Cable Act barred Cablevision from complying with the Rule 45 subpoena. Cablevision again requested that plaintiff obtain an appropriate court order.

## ARGUMENT

Cablevision should not be held in contempt because it has not failed to comply with plaintiff's Rule 45 subpoena, rather Cablevision submitted a written objection in accordance with Rule 45(c)(2)(B) and, therefore, was not required to file a motion to quash. Under Rule 45(c)(2)(B), within the earlier of fourteen days or the due date of the subpoena, a person commanded to produce documents may serve on the party or attorney designated in the subpoena a written objection. Further, if an objection is made:

> (i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

> (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*Id.* Thus, once proper objections have been served, it becomes the subpoenaing party's obligation to move for an order compelling the production after the subject of a subpoena makes a written objection. *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 34 F. Supp. 2d 47, 56-57 (D.D.C. 1998) (stating "that the appropriate means of objecting to a subpoena is by timely written objection *or* by timely motion to quash or modify the subpoena. *See* Fed. R. Civ. P. 45. If the party serving the subpoena then objects, it may oppose the motion or move to compel…)

(emphasis added); *see also Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996) (recognizing that objections on privilege grounds are properly raised in a written response under Rule 45(c)(2)(B)); *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693-94 (7th Cir. 2010) ("under Rule 45(c), intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party or attorney designated in the subpoena"); *Palmer v. Ellsworth*, 12 F.3d 1107 (9th Cir. 1993) ("Although a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance.").

Cablevision has complied with Rule 45. In response to plaintiff's Rule 45 subpoena, and in accordance with the procedural requirements laid out by Rule 45(c)(2)(B), Cablevision served a timely written objection upon plaintiff in the form of its November 30, 2011 letter. (Dkt. 6, Ex. A). Since that time, plaintiff has not moved to compel nor has it otherwise obtained an order compelling any further compliance with the subpoena. Accordingly, because an order directing Cablevision to produce the requested information has not been issued as required by Rule 45(c)(2)(B)(ii), Cablevision is not currently obligated to produce the subpoenaed documents and should not be held in contempt for failing to do so. *In re Exxon Valdez*, 142 F.R.D. 380, 385 (D.D.C. 1992) (holding that contempt sanction has no application where a party has timely objected to a subpoena); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983) (finding that a party that has served an objection to a subpoena under Rule 45 is not obligated to produce documents until the serving party obtains a court order directing compliance).

Moreover, the objections in Cablevision's November 30, 2011 letter responding to plaintiff's subpoena were made in good faith and have not yet been addressed by the Court. The

Cable Act prohibits cable operators, such as Cablevision from disclosing personally identifiable data to third parties without consent, unless the disclosure is either "necessary to render a service, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber" or "made pursuant to a court order authorizing such disclosure." 47 U.S.C. § 551(c). The Court's memorandum opinion and order granting leave to conduct discovery in this case does not address the privacy protections afforded by the Cable Act, but rather is directed towards determining whether plaintiff demonstrated the good cause necessary under Rule 26 of the Federal Rules of Civil Procedure to obtain expedited discovery. Mem. Op. and Order at 4. Further, the final order does not provide Cablevision with the authorization to produce the documents, but rather states that plaintiff "may serve Rule 45 subpoenas upon the ISPs...." *Id.* at 4. Additionally, the order limits the type of information that may be requested, and the later use of the information requires subscriber notice, sets a timeframe for defendants (but not ISPs) to file motions to quash, requires ISPs to preserve information, and orders that plaintiff provide a copy of the order with the subpoena. *Id.* However, nowhere within the order does it authorize Cablevision to disclose subscriber information in accordance with 47 U.S.C. § 551. The leave granted to plaintiff to serve a Rule 45 subpoena unfortunately falls short of what the Cable Act requires, as a subpoena is insufficient process for the disclosure of subscriber information under the act. Thus, Cablevision was statutorily barred from complying with plaintiff's subpoena. As such, it responded to the subpoena properly, namely by serving plaintiff with the necessary written objection in accordance with Rule 45(c)(2)(B).

Finally, the Court should not find Cablevision in contempt, because such a finding is not warranted here. Contempt is the harshest remedy available in a civil action and, therefore, it is

DC\1296556 3

generally construed narrowly and applied only where the respondent has demonstrated clear disregard for the authority of the Court. *Morgan v. Barry*, 596 F. Supp. 897, 898-99 (D.D.C. 1984). Contempt is intended to be used not to punish the contemnor or to vindicate the Court's integrity, but as a "remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *N.L.R.B. v. Blevins Popcorn, Co.,* 659 F.2d 1173, 1184 (D.C.Cir. 1981). Here, plaintiff has not suffered any prejudice as a result of the delay in production. Further, Cablevision has not disregarded the authority of the Court, but rather complied in good faith with both the discovery rules and the Cable Act, and stands ready to comply with an order as soon as it is issued. Thus, a finding of contempt would be both disproportionately harsh and unwarranted.

## CONCLUSION

Accordingly, because Cablevision complied with its obligations under Rule 45 by timely objecting to plaintiff's Rule 45 subpoena based on its obligations under the Cable Act and now stands ready to produce the documents once given the proper authorization by the Court, and because Cablevision is not, in fact, currently in violation of a Court order, the Court should find that Cablevision is not in contempt of Court.

Date: January 13, 2012                     Respectfully submitted,

                                           Jacob A. Sommer (D.C. Bar No. 494112)
                                           Marc J. Zwillinger (D.C. Bar No. 451665)
                                           ZwillGen PLLC
                                           1705 N Street NW
                                           Washington, DC 20036
                                           (202) 296-3585

                                           *Counsel for CSC Holdings LLC*

## CERTIFICATE OF SERVICE

I, Jacob A. Sommer, hereby certify that I caused this Response To Order To Show Cause

and Proposed Order to be served upon Plaintiff's Counsel and Attorney for Defendant by U.S.

mail at the following addresses:

Paul A. Duffy, Esq.
Law Offices of Paul Duffy
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
Plaintiff

Julie A. LaVan, Esq.
11 East Main Street, 2nd Floor
Moorsetown, NJ 08057
Attorney for Defendant John Doe

Jacob A. Sommer
*Counsel for CSC Holdings LLC*

Dated:  January 13, 2012