UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OPENMIND SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01883-JMF |
| ) | |
| DOES 1 – 565, ) | Magistrate Judge: Hon. John M Facciola |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA
AND SEVER DEFENDANTS**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 68.34.160.207 filed, through attorney Julie A. LaVan, a motion to quash subpoena and sever defendants. (ECF No. 9.) Movant makes three arguments in support of his motion. (ECF No. 9-1.) First, Movant argues that "Plaintiff's allegations are too unreliable to justify identifying Defendant, who has a First Amendment right to anonymous speech." (*Id.* at 5.) Second, Movant argues that "this Court lacks personal jurisdiction over Defendant." (*Id.*) Finally, Movant argues that the Defendants "have been improperly joined" in this case. (*Id.*) For the reasons set forth below, Movant's motion must be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from fatal procedural defects. Part II argues that Movant's motion must be denied on the substance of its arguments.

I.     **MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant has brought his motion before the wrong court. Second, Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises.

### A.  Movant's Motion is Not Before the Proper Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena . . .") (emphasis added); *see also In re Sealed Case*. 141 F.3d 337, 341 (D.D.C. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena"). Movant's ISP is Comcast Cable Holdings, LLC. (ECF No. 9.) The subpoena to Comcast was issued from the Northern District of Illinois. (*See* ECF No. 9-2.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### B.  Movant Lacks Standing to Move to Quash the Subpoena Based on the Arguments He Raises

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Hard Drive Productions, Inc. v. Does 1-1,495*, No.

11-1741 (D.D.C. Aug. 13, 2012), ECF No. 49 at *5 ("First, the movants lack standing to quash a subpoena not issued to them, unless they can establish that the subpoena requires the production of information that is privileged. . . . there is no privilege, recognized by the law, that would protect this information from being disclosed to [the plaintiff] for the purposes sought"); *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's Order of November 22, 2011 (ECF No. 4) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 9-1.) Movant's motion should therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

## II.     MOVANT'S MOTION SHOULD BE DENIED ON THE SUBSTANCE OF HIS ARGUMENTS

Even if Movant's motion did not suffer from fatal procedural defects, Movant's motion should be denied on the merits of his arguments. Movant's personal jurisdiction arguments are premature and erroneous. Plaintiff's need for the information sought in its subpoena outweighs Movant's limited First Amendment privacy interest.

### A.     Movant's challenges to Personal Jurisdiction are Premature and Erroneous

Movant argues that "Plaintiff's subpoena should be quashed because Plaintiff has not established that this Court has personal jurisdiction over Defendant." (ECF No. 9-1 at 4.)

Movant's challenges to personal jurisdiction are premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *AF Holdings v. Does 1-1,058*, No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46 at 27-37 (thoroughly analyzing the issues of personal jurisdiction and venue at length and determining that personal jurisdiction and venue arguments are premature at this stage of the litigation.), attached hereto as Exhibit A. The court in *Hard Drive Productions, Inc. v. Does 1-1,495* echoed the decision by the *AF Holdings* court and explained why personal jurisdiction and venue challenges were premature:

> it is improper as a matter of law to evaluate questions of personal jurisdiction and venue when no defendants have yet been named because 1) a plaintiff is not obliged to assert a basis for personal jurisdiction over the defendant in her complaint; 2) when there are no named defendants, there is no one whose ties to the District of Columbia can be evaluated with respect to jurisdiction or venue; 3) it is premature to consider personal jurisdiction before plaintiff has an opportunity to conduct relevant discovery; and 4) it is improper to consider personal jurisdiction prior to the naming of defendants since individuals may choose to waive their defenses and litigate in the forum.

No. 11-1741 (D.D.C. Aug. 13, 2012), ECF No. 49 at *6, attached hereto as Exhibit B. Courts nationwide have consistently held the same. *See e.g.*, *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Hard*

*Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3; *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court finds [movant's] arguments concerning personal jurisdiction to be premature as it remains unclear whether this individual is a party to this litigation. Moreover, the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### B. Plaintiff's Need for the Information Sought Outweighs Movant's Limited First Amendment Privacy Interest

Movant argues that "the Court should quash Plaintiff's subpoena because it violates Defendant's First Amendment right to anonymous speech." (ECF No. 9-1 at 8.) Movant's infringing conduct is not protected by the First Amendment. Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his limited right to anonymous speech. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 (explaining that First Amendment arguments have been "been rejected by courts addressing this issue. Although courts have found that fide-sharers' activities are entitled to First Amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement."); *MCGIP, LLC v. Does 1-14*, No. 11-2887, at *2 (N.D. Ill. July 26, 2011), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy.").

Federal courts across the nation have repeatedly held that the First Amendment does not protect an individual's identity from disclosure when that individual used the Internet to download or distribute copyrighted works without permission. *See, e.g.*, *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to

remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

Movant further argues that the "information Plaintiff has provided regarding the IP addresses of the John Does is not sufficient *prima facie* evidence to link Defendants to the alleged acts of copyright infringement." (ECF No. 9-1 at 11.) This is not true; Plaintiff set forth a *prima facie* case for copyright infringement. Plaintiff alleged it owns the copyrighted work at issue in this case. (ECF No. 1 ¶¶ 10, 11.) Plaintiff alleged that the Defendant infringed on that copyrighted work. (*Id.* ¶¶ 12-13.) Finally, Plaintiff alleged that it was harmed by the Defendant's infringing conduct. (*Id.* ¶¶ 14-15.) Movant claims this is insufficient because "Plaintiff must

present verifiable evidence for each Defendant." (*Id.* at 12.) This, however, is not a requirement of the *Dendrite* or *Sony* tests. Indeed, the facts in *Sony* are nearly identical to the facts here: the defendants in *Sony* were unknown to the plaintiff, but the plaintiff identified the infringing defendants by their IP addresses. *Id.* at 558-559. Even though the relationship between an IP address and the infringer is not perfect, the *Sony* court determined that the plaintiff had established a *prima facie* case for copyright infringement and was entitled to the identifying information. *Id.* at 565-66. The very opinion that Movant relies on for his arguments held that the First Amendment does not protect the disclosure of his identifying information. *Id.* at 568.

### C. Joinder is Proper at this Stage of the Litigation

Movant argues that "John Does 2-565 should be severed from this action for misjoinder." ECF No. 9-1 at 14.) The majority of courts across the country, considering cases with nearly identical facts, however, have decided that joinder is proper at this stage in the litigation. *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery

is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper.").

Movant correctly points out that "[t]his Court has in the past denied to sever defendants from similar BitTorrent cases." (ECF No. 9-1 at 15) (citing *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011); *see also* Ex. A at 19-26; Ex. B at 6-7. Movant urges the Court to "consider the approach of other district courts." (ECF No. 9-1 at 15.) The cases cited by Movant in support of his misjoinder argument are not applicable to the present case because they materially distinguishable. The decisions in *BMG Music v. Does 1-203*, No. 04-650, 2004 WL 953888 at *1 (E.D. Pa. Apr. 2, 2004), *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), all cited by Movant (ECF No. 9-1 at 15), involve different file transfer protocols, different pleadings and different procedural contexts. Indeed, the plaintiffs in those cases did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, in *Interscope Records*, Doe #1 was alleged to have infringed on recordings by Bonnie Raitt, En Vogue, Usher, Celine Dion, Dr. Dre, Johnny Kemp, Whitney Houston, and Trick Daddy, while Doe #2 was alleged to have infringed on recordings by Outkast, Cypress Hill, Radiohead, DMX, Nirvana, Chris Isaak, Lenny Kravitz, and Aqua—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, No. 04-00197, ECF No. 1 (alleging only that the defendants committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading where it is alleged that Defendants violated a *single* copyright work, belonging to a *single* Plaintiff, and that the infringers *actually interacted with each other* in a single BitTorrent swarm. (ECF No. 1.)

Finally, Movant argues that "Plaintiff has not provided sufficient evidence that Defendants were indeed part of the same BitTorrent 'swarm,' sharing the same file, and has therefore not shown that Defendants' alleged conduct was logically related to merit joinder." (ECF No. 9-1 at 16.) This is untrue; Plaintiff alleged that the Defendants were downloading the same file in the same swarm. (ECF No. 3-1 ¶¶ 12-19) (discussing how the infringing activity is traced to a single swarm and only a single file is being distributed in that swarm). Movant's joinder arguments are premature at this stage of the litigation.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from fatal procedural defects. Movant's motion should be denied on the substance of its arguments.

                        Respectfully submitted,

                        OPENMIND SOLUTIONS, INC.

**DATED:** October 1, 2012

                        By: /s/ Paul A. Duffy
                        PAUL A. DUFFY (D.C. Bar #IL0014)
                        Prenda Law Inc.
                        161 N. Clark Street, Suite 3200
                        Chicago, IL 60601
                        Telephone: (312) 880-9160
                        Facsimile: (312) 893-5677
                        E-mail: paduffy@wefightpiracy.com

                        *Attorney for Plaintiff*

Case 1:11-cv-01883-JMF   Document 20   Filed 10/01/12   Page 11 of 11
-11-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 1, 2012, all counsel of record who are deemed to have consented to electronic serve are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

**DATED:** October 1, 2012

/s/ Paul A. Duffy