UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OPENMIND SOLUTIONS, INC., <br> 23072 Lake Center Drive, Suite 100, <br> Lake Forest, CA 02630 <br><br> Plaintiff, <br><br> v. <br><br> EDUARDO HALVERSON <br><br> and <br><br> DOES 2 – 565, <br><br> Defendants. | Case No. 1:11-cv-01883-JMF <br><br> Magistrate Judge: Hon. John M Facciola |

## AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Eduardo Halverson and his fellow unknown Defendants, alleges:

1.  This is a civil action seeking damages and injunctive relief for copyright infringement and contributory infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

### JURISDICTION

2.  This Court has jurisdiction under 17 U.S.C. §101 *et seq.*; 28 US.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

### PARTIES

3.  Plaintiff OpenMind Solutions, Inc. is a corporation organized and existing under the laws of the State of California. Plaintiff is an adult content producer and operates a website, http://www.throated.com, which is among the leading brands within its niche. Plaintiff is the

1

owner of the pertinent exclusive rights under copyright in the United States, and the exclusive owner of that certain motion picture entitled "*Throated – Katie Jordin.*"

4. Eduardo Halverson and his fellow unknown Defendants infringed on Plaintiff's copyrighted motion picture, "*Throated – Katie Jordin,*" and unlawfully distributed the copyrighted motion picture over the Internet amongst one another and amongst other unknown third-parties. Eduardo Halverson and his fellow unknown Defendants are known to Plaintiff by the Internet Protocol ("IP") addresses assigned to them by their Internet Service Providers ("ISPs") on the date and at the time at which the infringing activity of each Defendant was observed. The IP address associated with Eduardo Halverson is 76.18.38.184. The IP addresses of his fellow unknown Defendants, together with the date and time the infringing activities were observed, is set forth on Exhibit A, attached hereto.

**FACTUAL ALLEGATIONS**

5. The manner of the illegal transfer of Plaintiff's copyrighted creative work, "*Throated – Katie Jordin,*" (hereinafter "Work") is what P2P network users call a "BitTorrent protocol" or "torrent" which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") on the network connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together compromises the whole. This piecemeal system with multiple

pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

   6.  This distributed nature of Bit Torrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of the Bit Torrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

   7.  Plaintiff brings this action to stop Eduardo Halverson and his fellow unknown Defendants from copying and distributing, to others over the Internet, unauthorized copies of the Work, to which Plaintiff is the assignee and owner of all right, title and interest worldwide, and all proprietary rights therein including, without limitation, all copyrights and all past and future causes of action with respect to the same. Eduardo Halverson's and his fellow unknown Defendants' infringements allowed them and others to unlawfully obtain and distribute for free an unauthorized copyrighted work for which Plaintiff spent a substantial amount of time, money and effort to obtain the exclusive rights to market, distribute and sell. Each time Eduardo Halverson and one of his fellow unknown Defendants unlawfully distributes a free copy of Plaintiff's copyrighted Work to others over the Internet, each person who copies that video can then distribute that unlawful copy to others without any significant degradation in sound and

picture quality. Thus, a Defendant's distribution of even one unlawful copy of the Work can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights in and to the copyrighted Work.

## COUNT 1

### INFRINGEMENT OF REGISTERED COPYRIGHT

8. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

9. The Plaintiff is responsible for the marketing, sale and distribution of the Work.

10. The Plaintiff is the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted works, including but not limited to the copyrighted Work. The Work is the subject of valid Certificate of Copyright Registration Number PA 1-753-056 issued by the Register of Copyrights.

11. The Work contains a watermark of Plaintiff's site, http://www.throated.com, which contains a copyright notice.

12. Eduardo Halverson and his fellow unknown Defendants, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the Work. Exhibit A identifies Eduardo Halverson and his fellow unknown Defendants by their IP addresses and the date and time Plaintiff observed the unlawful distribution of the Work to the public, including by making available for distribution to others.

13. In taking these unlawful actions, Eduardo Halverson and his fellow unknown Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Each

Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

14. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

15. As a result of Eduardo Halverson's and his fellow unknown Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504, and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

16. The conduct of Eduardo Halverson and his fellow unknown Defendants are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Eduardo Halverson and each of his fellow unknown Defendants from further infringing Plaintiff's copyright, and ordering that Eduardo Halverson and each of his fellow unknown Defendants destroy all copies of the Work made in violation of Plaintiff's exclusive rights to the copyright.

## COUNT 2

### CONTRIBUTORY INFRINGEMENT

17. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

18. Users in the unique swarm containing Plaintiff's copyrighted Video all possess the same infringing work with the same exact hash value, and each infringer possesses an exact digital copy, containing the exact bits and pieces unique to that specific file of Plaintiff's original copyrighted work. The only way this happens in a BitTorrent swarm is through the sharing of

these bits and pieces of each same unique file, with the same unique hash value, between the users in the swarm. In essence, although hundreds of users may be uploading the copyrighted work, a single user will receive only the exact parts of a singular upload through that exact swarm, not a compilation of available pieces from various uploads.

19. Eduardo Halverson and each of his fellow unknown Defendants published the Hash Tag to the BitTorrent network.

20. Eduardo Halverson and each of his fellow unknown Defendants downloaded, uploaded and distributed the Video to other BitTorrent users through use of the hash-specified protocol in the unique swarm.

21. As each of the thousands of people who illegally downloaded the movie accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including, but not limited to, Eduardo Halverson and his fellow unknown Defendants.

22. Eduardo Halverson and his fellow unknown Defendants knew of the infringement, were conscious of their own infringement, and were fully conscious that their actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video.

23. Eduardo Halverson's and each of his fellow unknown Defendants' participation in the infringing activities of others is substantial and contributed to the infringing activity of thousands of other peers over the Internet across the world.

24. Eduardo Halverson and each of his fellow unknown Defendants profited from this contributory infringement by way of being granted access to a greater library of other infringing works, some of which belonged to Plaintiff and some of which belonged to other copyright owners.

**WHEREFORE,** Plaintiff prays for judgment against Eduardo Halverson and each of his fellow unknown Defendants as follows:

1. For entry of preliminary and permanent injunctions providing that Eduardo Halverson and each of his fellow unknown Defendants shall be enjoined from directly or indirectly infringing Plaintiff's rights in Work and any video, whether now in existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Works"), including without limitation by using the Internet to reproduce or copy Plaintiff's Works, to distribute Plaintiff's Works, or to make Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Eduardo Halverson and each of his fellow unknown Defendants shall destroy all copies of Plaintiff's Works that they have downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded works transferred onto any physical medium or device in their possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

3. For Plaintiff's costs.

4. For Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

[intentionally left blank]

                        Respectfully submitted,

                        OpenMind Solutions, Inc.

**DATED**: October 23, 2012

                        By: /s/ Paul A. Duffy
                        PAUL A. DUFFY (D.C. Bar #IL0014)
                        Prenda Law Inc.
                        161 N. Clark Street, Suite 3200
                        Chicago, IL 60601
                        Telephone: (312) 880-9160
                        Facsimile: (312) 893-5677
                        E-mail: paduffy@wefightpiracy.com
                        *Attorney for Plaintiff*